# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2014

Lyle W. Cayce
Clerk

RENEE SHEREE O'CAROLAN,

Plaintiff-Appellant,

v.

GMAC MORTGAGE COMPANY, formerly known as GMAC Mortgage Corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-751

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Renee Sheree O'Carolan filed suit against Defendant-Appellee GMAC Mortgage Company ("GMAC") seeking to invalidate GMAC's lien on real property that O'Carolan had originally acquired as community property during a previous marriage. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50387

court ruled in part in favor of GMAC and in part in favor of O'Carolan after partial summary judgment proceedings and a jury trial. We affirm.

## I.

O'Carolan and Gary Hopper married in 1974 and purchased two lots and a home ("the Property") in Dripping Springs, Texas.[1] O'Carolan and Hopper divorced in May 2000. In August 2000, a Texas state court entered a final decree of divorce and divided the marital property, awarding the Property to Hopper. O'Carolan appealed and in 2002, a Texas court of appeals reversed and remanded the portion of the divorce decree dividing the marital property. In 2010, a different judge in Texas state district court again awarded the Property to Hopper, found it to be Hopper's homestead, and further stated that O'Carolan was divested of all rights, title, interest and claims to the Property. A few months later, O'Carolan again appealed to the Texas appellate court. That court affirmed the trial court's award of the Property to Hopper in September 2013. *See O'Carolan v. Hopper*, 414 S.W.3d 288, 314 (Tex. App. – Austin 2013, no pet.).

With respect to encumbrances, in 1995 O'Carolan and Hopper first refinanced the Property through Resource Bancshares Mortgage Group, Inc. ("RBMG") securing a mortgage debt in the approximate amount of $87,000. In 1998, that mortgage was assigned to Bank of America. Then in April 2004, nearly four years after O'Carolan and Hopper divorced, Hopper signed a Texas Home Equity Note with Ameriquest in the amount of $113,969, which was secured by the Property, hereinafter referred to as the "Ameriquest loan." Hopper used part of the proceeds from the Ameriquest loan to pay off the remaining balance on the mortgage note with RBMG - $76,105.39 - which had

---

[1] Located in Hays County, Texas.

2

No. 12-50387

been assigned to Bank of America. Thereinafter, Bank of America released its lien on the Property.

Then in 2008, Hopper and his new wife obtained a home equity loan from GMAC in the amount of $160,000, which was secured by the Property. Hopper used part of the proceeds from the GMAC loan to pay off the remaining balance on the loan with Ameriquest - $85,790.77 – who then released its lien on the Property. O'Carolan was not informed that GMAC had issued the home equity loan to Hopper using the Property as collateral, nor did O'Carolan consent to the loan. By the time the proceedings reached the United States District Court, Hopper had paid approximately $46,841 in principal and $22,751 in interest on the GMAC loan.

## II.

In 2009, O'Carolan filed suit against GMAC claiming that the Texas Constitution mandated forfeiture of the principal and interest that Hopper had paid on the GMAC loan as a penalty for violating the home equity lending rules. The district court granted partial summary judgment denying O'Carolan's claims for monetary damages and/or forfeiture because the claims were not provided for in the Texas Constitution.[2] Adopting the report of the magistrate judge, the district court reasoned that because O'Carolan was not a party to the GMAC loan and never made any payments, she did not have standing to make a forfeiture claim - only Hopper would have had standing to make such a claim. Additionally, O'Carolan's purported homestead interest in the Property did not entitle her to a remedy of forfeiture on a loan to which she was not a party.

---

[2] The district court also denied O'Carolan's claims for attorney's fees.

3

No. 12-50387

O'Carolan and GMAC then filed joint stipulations of fact and proceeded to a jury trial on the remaining questions of fact.[3] The jury rendered its verdict finding that O'Carolan did have a homestead interest in the Property which she had not abandoned. The district court adopted the jury's verdict and thereafter entered judgment in accordance therewith.

The district court then ordered the parties to file post-verdict motions on the remaining issues of law which primarily involved the validity of the various past and present liens on the Property. In those proceedings, GMAC claimed that it was entitled to an equitable first lien against the Property in the amount of $85,790, *i.e.*, the balance of the Ameriquest loan satisfied with the proceeds of the GMAC loan plus interest. O'Carolan countered that she was not liable on the GMAC loan because she was not a debtor on the Ameriquest loan at the time the GMAC loan was secured which thereby rendered the Ameriquest loan invalid.

The district court found that the Bank of America lien was the only valid lien on the Property, a fact which neither party disputed, but that both the Ameriquest and GMAC liens on the Property were invalid. However, applying principles of equitable subrogation the district court then held that, although the original home equity loan obtained by Hopper through GMAC was invalid, GMAC was nevertheless entitled to an equitable lien against the Property in the amount of $76,105. *See LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 618-19 (Tex. 2007) (citation omitted). This amount represented the balance of the valid lien held by Bank of America prior to its invalid refinancing by Ameriquest and GMAC, plus 6% interest per annum accruing from May 1,

---

[3] Prior to trial, the parties stipulated that GMAC did not obtain O'Carolan's consent to the loan.

4

2008. O'Carolan appeals herein the portions of the district court's judgment not in her favor.

On appeal O'Carolan argues that: (1) she is entitled to enforce the forfeiture provision of the Texas Constitution against GMAC because it arises out of her homestead interest in the Property and because forfeiture is a penalty, not damages, under Texas law; and, (2) the district court failed to credit the payments made on the Ameriquest and GMAC home equity loans to reduce the amount of the lien to which it determined GMAC to be equitably subrogated.

### III.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013).[4]

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, the jury verdict, and the district court's judgment and reasoning, we AFFIRM the district court's judgment and adopt its analysis in full.

---

[4] Neither party appeals the portion of the judgment entering the jury verdict.